# NO. 12-11-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL DESHUN THOMPSON,* <br> *APPELLANT* | § | *APPEALS FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael DeShun Thompson appeals his conviction for aggravated assault. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the judgment and affirm as modified.

#### BACKGROUND

In 2010, Appellant pleaded guilty to the offense of aggravated assault. Pursuant to a plea agreement, the trial court found that the evidence substantiated Appellant's guilt but deferred a finding of guilt and placed him on deferred adjudication community supervision. In 2011, the State filed a motion to adjudicate Appellant's guilt. In the motion, the State alleged that Appellant committed a new offense, specifically evading arrest or detention, that he failed to pay various fees, and that he was not current on his community service obligations.

Appellant pleaded not true to the allegations. Following a hearing, the trial court found that Appellant had committed evading arrest or detention and that he was not current on his

community service obligation. The trial court found Appellant guilty and assessed a sentence of imprisonment for eighteen years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have conducted our own independent review of the record and have found no reversible error.[1] *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Our review of the record did reveal a typographical error. The final judgment states that Appellant was found guilty of aggravated assault and that the statute he violated was Section 22.02(a)(2), Texas Human Resources Code. That statute does not exist. Appellant was charged with aggravated assault, as defined by Section 22.02 of the Texas Penal Code, he pleaded guilty to that offense, and the trial court found him guilty of that offense. The reference to the Human Resources Code is a typographical error.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with counsel that there are no appealable issues, except with respect to the inaccurate code citation in the judgment. Accordingly, his motion for leave to withdraw is hereby *granted*.

When, as here, we have all the necessary information before us to correct a typographical or clerical error in the judgment, we have the authority to modify the judgment so that it speaks the truth. *See* TEX. R. APP. P. 43.2(b) *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992);

---

[1] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief. The time provided for filing a brief has expired, and we have received no pro se brief.

*see*, *e.g.*, ***Rodriguez v. State***, No. 05-11-01734-CR, 2013 Tex. App. LEXIS 1043, at \*10 (Tex. App.–Dallas Feb. 5, 2013, no pet. h.) (mem. op., not designated for publication) (correcting code citation in judgment). Therefore, we ***modify*** the judgment to reflect that Appellant was convicted of an offense defined by Section 22.02 of the penal code and ***affirm*** the judgment of the trial court. *See* TEX. R. APP. P. 43.2.

Counsel has a duty, within five days of the date of this opinion, to send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See* ***In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 15, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 15, 2013**

**NO. 12-11-00339-CR**

**MICHAEL DESHUN THOMPSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeals from the 2nd Judicial District Court

of Cherokee County, Texas. (Tr.Ct.No. 17,691)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant was convicted of an offense defined by Section 22.02 of the Texas Penal Code, not the Human Resources Code, and as **modified**, the judgment of the trial court is **affirmed**.

It is further ORDERED that Appellant's counsel's motion to withdraw is **granted**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*